IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEE HENSHAW,<br><br>                Plaintiff,<br><br><br>vs.<br><br><br>WAYNE COUNTY, et al.,<br><br>                Defendants. | ORDER AND MEMORANDUM<br>DECISION<br><br><br><br><br>Case No. 2:09-CV-152-TC-SA |

       The Plaintiff, Dee Henshaw, filed this suit against Wayne County, Wayne County Sheriff

Kurt Taylor, and two Wayne County Sheriff's Deputies, Doug Bliss and Matt Webster.  In the

complaint, Mr. Henshaw asserts violations of the Fourteenth Amendment, 42 U.S.C. § 1983, and

§ 42 U.S.C. 1985(2).  The complaint also alleges six state law claims: false arrest, false

imprisonment, malicious prosecution, battery, invasion of privacy, and intentional infliction of

emotional distress.  The Defendants have filed a motion for judgment on the pleadings on the

federal claims and a motion to dismiss for lack of jurisdiction on the state law claims.  The court

GRANTS in part and DENIES without prejudice in part the motion for judgment on the

pleadings.  The claims against Sheriff Taylor and Wayne County are dismissed for failure to state

a claim.  In addition, the causes of action under the Fourteenth Amendment and § 1985(2) are

dismissed for failure to state a claim.  The court DENIES without prejudice the motion to dismiss the § 1983 claims against Deputies Bliss and Taylor and authorizes limited discovery on the issue of quasi-judicial immunity.  The court DENIES the motion to dismiss the state claims for lack of jurisdiction because the Plaintiff properly served a notice of claim on the Wayne County clerk.

## BACKGROUND[1]

Mr. Henshaw's wife, Dana Henshaw, filed for divorce in April of 2006.  As part of that proceeding, Ms. Henshaw obtained a protective order against Mr. Henshaw.  Mr. Henshaw alleges that the protective order was terminated by the presiding judge on July 10, 2007, and that all of the Defendants were aware that the protective order was terminated.

In October of 2007, Mr. Henshaw went to the Wayne County Sheriff's office to ask for a deputy to accompany him to the Henshaw home, where Ms. Henshaw was living, to retrieve a possession.  He was told by Defendant Deputy Webster that the protective order had been dissolved and that no deputy would accompany him.  Mr. Henshaw asked Mr. Stan Wiley to accompany him.  The details of what happened at the Henshaw residence once the two men arrived are not relevant to the disposition of these motions; what is relevant is that Ms. Henshaw called 911 to report a violation of a protective order.  Mr. Henshaw alleges that the 911 dispatcher told Defendant Deputy Bliss that there were no valid protective orders against Mr. Henshaw.

Mr. Henshaw and Mr. Wiley left the Henshaw residence and went to Mr. Wiley's home. Soon thereafter, Deputies Bliss and Webster arrived at Mr. Wiley's home and arrested Mr.

---

[1]The facts are taken from the complaint.

Henshaw for violation of a protective order.

As an exhibit to their answer, the Defendants attached an order issued by Judge Wallace A. Lee of the Sixth Judicial District Court for the State of Utah.  The order was issued on August 27, 2007 in Mr. and Ms. Henshaw's divorce proceedings (the "August 2007 Order").  The August 2007 Order dissolved a prior restraining order issued against Mr. Henshaw.  The August 2007 Order also appears to incorporate the earlier restraining order with the following language: "[t]he Court directed that the Protective Order . . . would be vacated with its applicable terms being set forth in this matter."  (Docket No. 9, Ex. 1, at 1.)  The complaint continued: "Respondent [Dee Henshaw] and his agents (1) shall stay away from the Petitioner's current residence located at 2727 South 400 West, Bicknell, Utah . . . and (2) are prohibited from terminating or interfering with any utility services to said residence."  (Id. at 4.)  The order also directed "the Wayne County Sheriff's Office . . . to enforce the restraining order provisions of this Order."  (Id. at 5.)

## ANALYSIS

### I.  Defendants' motion for judgment on the pleadings

In considering a motion under Federal Rule of Civil Procedure 12(c) for a judgment on the pleadings, the court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same."  Park University Enterprises, Inc. v. American Cas. Co. Of Reading, PA, 442 F.3d 1239, 1244 (10th Cir. 2006).  A motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss.  Ramirez v. Dep't of Corr., Colo., 222 F.3d 1238, 1240 (10th Cir. 2000).  A complaint will survive a

motion for judgment on the pleadings only if it contains "enough facts to state a claim to relief

that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007).  "Judgment

on the pleadings should not be granted unless the moving party has clearly established that no

material issue of fact remains to be resolved and the party is entitled to judgment as a matter of

law." <u>Id.</u> (quotation omitted).

    A. <u>Section 1985(2) Claim</u>

    Section 1985(2) contains four clauses which create four distinct causes of action.  <u>Wright</u>

<u>v. No Skiter, Inc.</u>, 774 F.2d 422, 425 (10th Cir.1985) (citations omitted).  These are:

> A. If two or more persons conspire to deter, by force, intimidation, or threat, any
> party or witness in any court of the United States from attending such court, or
> from testifying to any matter pending therein . . . or
>
> B. to injure such party or witness in his person or property on account of his
> having so attended or testified, or
>
> C. if two or more persons conspire for the purpose of impeding, hindering,
> obstructing, or defeating, in any manner, the due course of justice in any State or
> Territory, with intent to deny to any citizen the equal protection of the laws, or
>
> D. to injure him or his property for lawfully enforcing . . . the right of any person,
> or class of persons, to the equal protection of the laws.

<u>Wright</u>, 774 F.2d at 425 (quotation omitted).

    Clause A is aimed at conspiracies to discourage parties or witnesses from attending or

testifying in federal court, and Clause B is aimed at conspiracies to injure a party or witness for

having attended or testified in federal court.  <u>Santistevan v. Loveridge</u>, 732 F.2d 116, 118 (10th

Cir.1984).  Mr. Henshaw makes no allegations relating to any party or witness attending or

testifying in court and consequently does not state a claim under Clauses A or B.

Clauses C and D require that the conspiracy be class-based.  Griffin v. Breckenridge, 403 U.S. 88, 91 (1971) ("The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."); Kush v. Rutledge, 460 U.S. 719, 725-26 (1983); Steinert v. Winn Group, Inc., 440 F.3d 1214, 1225 n.13 (10th Cir. 2006).  Mr. Henshaw does not allege that he is a member of a class covered by § 1985 nor does he allege discriminatory animus.  Consequently, Mr. Henshaw has failed to state a claim under 42 U.S.C. § 1985(2) and the claim will be dismissed.

    B.  Fourteenth Amendment

Mr. Henshaw argues that Defendants violated the Fourteenth Amendment when they arrested him.  But the Supreme Court's decision in Albright v. Oliver, 510 U.S. 266, 274-75 (1994) makes clear that this claim cannot stand.  The Court in Albright held that a plaintiff's allegation that he was taken into custody and subjected to criminal prosecution without probable cause did not state a claim under the Fourteenth Amendment because matters of pretrial deprivations of liberty are governed solely by the Fourth Amendment.  Id.; see also Becker v. Kroll, 494 F.3d 904, 918 (10th Cir. 2007) ("In Albright, the Court specifically rejected the plaintiffs claim that his groundless arrest violated substantive due process rights by depriving him of a 'liberty interest' to be free from criminal prosecution except upon probable cause." (quotation omitted)).

The court will dismiss Mr. Henshaw's Fourteenth Amendment Claim.

C.  <u>Sheriff Taylor and Wayne County</u>

Defendants Sheriff Taylor and Wayne County seek dismissal of all claims against them. They point out, correctly, that Mr. Henshaw has made no allegations against Sheriff Taylor suggesting that he had any involvement in this incident.  Nor has Mr. Henshaw alleged that Sheriff Taylor is liable because he  failed to supervise or control the Defendant deputies.

As for Wayne County, Mr. Henshaw has not alleged that the challenged actions were made pursuant to an official policy or procedure.  A "[c]ounty may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees."  <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1307 (10th Cir. 1998).  Furthermore, "a municipality is liable only when the official policy is the 'moving force' behind the injury alleged.  <u>Id.</u> (quotation omitted).  No allegations in the complaint could be construed to meet this standard.

Mr. Henshaw does not deny that his complaint is deficient, but argues that he should be entitled to discovery in order to determine if there are any meritorious claims against the county and Sheriff Taylor.  "[T]he mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims."  <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007). Mr. Henshaw has not shown that even with discovery, he could muster factual support for his claims against Sheriff Taylor or Wayne County.  Consequently, the court dismisses all claims against these Defendants.

D.  Section 1983

Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting under color of state law. 42 U.S.C. § 1983.  "Although section 1983 creates a cause of action for violations of constitutional rights, it is solely a procedural statute which does not itself grant any substantive rights."  Garcia v. Wilson, 731 F.2d 640, 650 (10th Cir. 1984).  Rather, a cause of action under § 1983 is established by showing that the defendants, acting under a violation of state law, have breached a right of the plaintiff secured by the Constitution.  Id. at 650-51.

The complaint does not specify what constitutional right was breached by the Defendants. It does allege that the "right to his freedom, the right to be free from false, unlawful and malicious arrest is a fundamental right guaranteed by the Constitution of the United States."  But the majority of the allegations in this section refer to due process, which as explained above is a Fourteenth Amendment claim not applicable here.  Reading the complaint liberally, the court assumes that Mr. Henshaw is alleging that Deputies Bliss and Webster violated his Fourth Amendment right.

1.  Qualified Immunity

The Defendants present two arguments in favor of granting their motion for judgment on the pleadings on the § 1983 claim.  They first argue that they are entitled to qualified immunity because their actions were taken in the course of enforcing the August 2007 Order.  "Qualified immunity shields government officials performing discretionary functions from individual liability under 42 U.S.C. § 1983 unless their conduct violates 'clearly established statutory or

constitutional rights of which a reasonable person would have known.'" Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1255 (10th Cir. 1998) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

"The rule that arrests must be supported by a warrant or probable cause is well established." Fuerschbach v. Southwest Airlines Co., 439 F.3d 1197, 1205 (10th Cir. 2006). The only question in this case, therefore, is whether the deputies had probable cause to arrest Mr. Henshaw. The complaint alleges that the unlawful seizure occurred when Deputies Bliss and Webster arrested Mr. Henshaw without any knowledge or belief that he had violated a protective order. If this allegation is true, the deputies would have violated Mr. Henshaw's clearly established constitutional right. The Defendants point to the August 2007 Order as evidence that the deputies did have probable cause to arrest Mr. Henshaw. Even assuming that the August 2007 Order is properly before the court on this Rule 12(c) motion, there is no evidence in the complaint to suggest that the deputies knew about the August 2007 Order and were acting pursuant to it. In fact, the complaint alleges the deputies knew that there was no valid protective order and the court must accept such allegations as true. For that reason, the court denies the Defendants' request for qualified immunity.

2. Quasi-Judicial Immunity

The Defendants also maintain the complaint must be dismissed because they are entitled to quasi-judicial immunity. As this court has previously explained:

Quasi-judicial immunity springs from the protections which preclude civil liability for judges performing their official duties. Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir.2000) ("[A]bsolute judicial immunity has been extended to non-judicial officers where 'their duties had an integral relationship with the

-8-

judicial process.'") (quoting <u>Eades v. Sterlinske</u>, 810 F.2d 723, 726 (7th
Cir.1987)).  While cloaking judges from liability, courts have recognized that
judicial immunity must also extend to individuals charged with carrying out
judicial orders.  <u>Valdez</u>, 878 F.2d at 1288 ("Absolute immunity for officials
assigned to carry out a judge's orders is necessary to insure that such officials can
perform their function without the need to secure permanent legal counsel.  A
lesser degree of immunity could impair the judicial process.").  Because "it is
simply unfair to spare the judges who give orders while punishing the officers
who obey them," courts recognize that "[o]fficials must not be called upon to
answer for the legality of decisions which they are powerless to control."  <u>Id.</u> at
1289.  Otherwise, a narrow application of judicial immunity would "allow
plaintiffs to bring suit any time a state agent executes a judicial order which does
not fulfill every legal requirement [and] would make the agent 'a lightning rod for
harassing litigation aimed at judicial orders.'"  <u>Turney v. O'Toole</u>, 898 F.2d 1470,
1473 (10th Cir.1990) (quoting <u>Valdez</u>, 878 F.2d at 1289).

<u>Moss v. Kopp</u>, 505 F. Supp. 2d 1120, 1125 (D. Utah 2007).  "Absolute immunity for officials

assigned to carry out a judge's orders is necessary to ensure that such officials can perform their

function without the need to secure permanent legal counsel."  <u>Moss v. Kopp</u>, 559 F.3d 1155,

1163 (10th Cir. 2009).

> For quasi-judicial immunity to apply,
>
> First, the judge must have authority to issue the underlying order, such that the
> judge would qualify for judicial immunity.  Second, the order must be facially
> valid.  Third, the officer must have authority to carry out the action.  And fourth,
> the officer must not exceed the order.

<u>Moss</u>, 505 F. Supp. 2d at 1125.  Quasi-judicial immunity is much broader and stronger than

qualified immunity.  As the Tenth Circuit explained, unlike quasi-judicial immunity, "the

applicability of the defense [of qualified immunity] turns on the fact-specific question of whether

reasonable officers could have believed their conduct to be proper in light of the 'clearly

established' law.  Factual disputes would require discovery if not a trial."  <u>Valdez v. City and</u>

<u>County of Denver</u>, 878 F.2d 1285, 1288 (10th Cir. 1989) (granting officers quasi-judicial

immunity for arresting the plaintiff pursuant to a court order).  In contrast, quasi-judicial

immunity prevents officials from being "called upon to answer for the legality of decisions which

they are powerless to control."  Id.  ("To force officials performing ministerial acts intimately

related to the judicial process to answer in court every time a litigant believes the judge acted

improperly is unacceptable.").

Although quasi-judicial immunity is an absolute immunity that will normally be

appropriately brought in a motion to dismiss, in this case the record is insufficient to dismiss the

case.  First, the August 2007 Order is not properly before the court.  The Defendants argue that

because the Order was attached to the answer the court may consider it under Rule 12(c).  On a

12(b)(6) motion, a court "may consider documents referred to in the complaint if the documents

are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."

Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted).

Although the authenticity of the August 2007 Order is not in question, the complaint does not

refer to it.  The Order was attached to the Defendants' answer, but there is no authority to suggest

that such exhibits may be considered on a motion to dismiss or for judgment on the pleadings.  In

addition, there is no evidence before the court that the deputies knew of the August 2007 Order

or that they were acting pursuant to the Order.

In light of these deficiencies, the court authorizes limited discovery solely on the four-

prong test from Moss, 505 F. Supp. 2d at 1125, described above, and the issue of whether the

deputies had knowledge of the August 2007 Order when they arrested Mr. Henshaw.  After

conclusion of this limited discovery, the court would consider a motion for summary judgment

on the issue of quasi-judicial immunity.

**II.  Defendants' Motion to Dismiss**

The Defendants also ask this court to dismiss the Plaintiff's state law claims for failure to comply with the Utah Governmental Immunity Act (UGIA).  Utah law requires the delivery of a notice of claim to the county clerk when a claim is made against a county.  Utah Code Ann. § 63G-7-401(3)(b)(ii)(B).  Defendants contend that the Plaintiff failed to comply with this provision because he filed a notice of claim only with the Sixth District Court.  Mr. Henshaw attached to his response a copy of a notice of claim addressed to the Wayne County Clerk and a copy of the certified mail receipt dated August 23, 2008 showing delivery of the notice of claim.  (Docket No. 15, Ex. 1 & 2.)

First, the court must consider this motion under Federal Rule of Civil Procedure 56.  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if matters outside the pleading are presented to and not excluded by the court and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." (quotations and alterations omitted)).  Here, the Defendants attached two exhibits to their motion and the Plaintiff also attached several exhibits.  Those exhibits are necessary for deciding this motion.  At the hearing on the motion, neither side requested an opportunity to provide additional evidence.  Accordingly, the motion will be treated as if filed under Rule 56.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>see</u> <u>Justice v.</u> <u>Crown, Cork, & Seal Co., Inc.</u>, 527 F.3d 1080, 1085 (10th Cir. 2008).  Here, Mr. Henshaw has provided evidence (which the Defendants acknowledged as authentic at the hearing on the motion) that he served a notice of claim on the Wayne County Clerk as required by the UGIA. Accordingly, the motion is denied.

The Plaintiff requests attorneys fees and sanction under Federal Rule of Civil Procedure 11 on the grounds that the Defendants provided false information in their motion to dismiss.  The request for Rule 11 sanctions was improperly presented to the court and cannot be considered. Fed. R. Civ. P. 11(c)(2).  In addition, while the Defendants failed to present the court with accurate information regarding the existence of a notice of claim, the court concludes that the failure was not in bad faith and does not qualify as a violation of Rule 11(b).

## CONCLUSION

Accordingly, The court GRANTS the motion for judgment on the pleadings for all claims against Sheriff Taylor and Wayne County and causes of action asserted under the Fourteenth Amendment and § 1985(2).  (Docket No. 11.)  The court DENIES the motion as to the § 1983 claims asserted against Deputies Bliss and Webster.  In addition, The court DENIES the motion to dismiss for lack of jurisdiction.  (Docket No. 13.)

**ORDER**

DATED this 1st day of October, 2009.

BY THE COURT:

TENA CAMPBELL
United States District Judge