IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEE HENSHAW,<br><br>          Plaintiff,<br><br>vs.<br><br>WAYNE COUNTY, et al.,<br>          Defendants. | ORDER AND MEMORANDUM<br>DECISION<br><br><br><br>Case No. 2:09-CV-152-TC-SA |

Defendants Doug Bliss and Matt Webster, two sheriff's deputies in Wayne County, move for summary judgment on the claims brought under 42 U.S.C.§ 1983 against them for unlawful arrest and imprisonment of Plaintiff Dee Henshaw. Mr. Henshaw claims that the deputies arrested him for violation of a protective order without probable cause because they knew that no protective order was in place. But, as explained below, Deputies Bliss and Webster did have probable cause to arrest Mr. Henshaw, and the court grants summary judgment for Defendants.

BACKGROUND

Mr. Henshaw's wife, Dana Henshaw, filed for divorce in April of 2006. As part of that proceeding, Mrs. Henshaw obtained a protective order against Mr. Henshaw. A state court terminated the protective order on July 10, 2007. On August 27, 2007, the state court issued another protective order. (Order on Pet.'s Order to Show Cause, August 27, 2007 (attached as Ex. A to Mem. in Supp. of Sum. J.).) The August 2007 Order required Mr. Henshaw to "stay

away from the Petitioner's current residence . . . ."  (Id. at 4.)  The order also directed "the Wayne County Sheriff's Office . . . to enforce the restraining order provisions of this Order."  (Id. at 5.)

On October 17, 2007, Mrs. Henshaw called 911 to report that Mr. Henshaw was in violation of the August 2007 Order.  Deputy Bliss responded to the call and, upon seeing Mr. Henshaw, told him he was under arrest.  Mr. Henshaw explained that the protective order had been vacated.  Instead of taking Mr. Henshaw into custody at that time, Deputy Bliss ordered him to take his passenger, Stan Wiley, to Mr. Wiley's house and to wait there while Deputy Bliss talked to Mrs. Henshaw.  Deputy Bliss and Deputy Webster, who had arrived on the scene as backup, reviewed the August 2007 Order.  They then proceeded to Mr. Wiley's house where they arrested Mr. Henshaw.

Mr. Henshaw claims that Deputies Bliss and Webster did not have probable cause to arrest him because they knew that the earlier protective order had been vacated and were not aware of the August 2007 Order.  In an October 2009 order, the court dismissed Mr. Henshaw's claims against Wayne County and Sheriff Kurt Taylor as well as several claims against the remaining Defendants.  The court allowed Mr. Henshaw to conduct limited discovery about whether Defendants knew of the August 2007 Order when they arrested Mr. Henshaw and were entitled to quasi-judicial immunity.

ANALYSIS

Defendants move for summary judgment based on their affidavits stating that they were aware of the August 2007 Order when they arrested Mr. Henshaw.  Mr. Henshaw argues that even if Defendants knew of the August 2007 Order, they are not entitled to quasi-judicial

immunity because the order was not facially valid, the order did not authorize the Defendants to arrest Mr. Henshaw for violation of the order, and the Defendants exceeded the scope of the order. He also argues that, based on the language in the incident report filed the day of the arrest, he was arrested before Defendants learned of the August 2007 order.

Quasi-Judicial Immunity

"Absolute immunity for officials assigned to carry out a judge's orders is necessary to ensure that such officials can perform their function without the need to secure permanent legal counsel." Moss v. Kopp, 559 F.3d 1155, 1163 (10th Cir. 2009). For quasi-judicial immunity to apply,

> First, the judge must have authority to issue the underlying order, such that the judge would qualify for judicial immunity. Second, the order must be facially valid. Third, the officer must have authority to carry out the action. And fourth, the officer must not exceed the order.

Moss v. Kopp, 505 F. Supp. 2d 1120,1125 (D. Utah 2007). In this case, the judge had authority and issued a facially valid order. Defendants had authority to carry out the order and did not exceed that authority when they arrested Mr. Henshaw.

a. Judicial Authority

The Sixth Judicial District of Utah had authority to issue the August 2007 Order. "Judges are absolutely immune from civil liability for judicial acts unless committed in the clear absence of all jurisdiction." Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000). The August 2007 Order concerned a divorce proceeding in Wayne County. The court had jurisdiction to issue such an order.

b. The August 2007 Order is Facially Valid

Even if the court erred in combining an order to show cause with a protective order, the August 2007 Order was still facially valid. "[A]n order can be facially valid even if it is erroneous or unlawful." Moss, 505 F.Supp 2d at 1126. The limits of facial validity are reached only when the issuing judge does not have immunity for the order, such as when the order issues in the clear absence of all jurisdiction. Turney v. O'Toole, 898 F.2d 1470, 1474 (10th Cir.). For instance, the Seventh Circuit held that Illinois officers who enforced a North Carolina custody order without first filing it with the Illinois court were not entitled to quasi-judicial immunity. Dunn v. City of Elgin, 347 F.3d 641, 647 (7th Cir. 2003) (holding that officers were entitled to qualified immunity, but not absolute immunity). Because the court was within its jurisdiction to issue the order, the August 2007 Order is facially valid.

### c. August 2007 Order Authorized Defendants to Arrest Mr. Henshaw & Defendants Did Not Exceed the Scope of the August 2007 Order

Mr. Henshaw next argues that even if the August 2007 Order is facially valid, it did not authorize the Defendants to arrest him for violation of that order, merely to enforce that order. He further argues that the order only gave the Defendants the authority to "enforce the restraining provisions" and that the restrictions on Mr. Henshaw's contact with Mrs. Henshaw do not contain the words "restraining." This argument is unavailing. A reasonable officer reading the August 2007 Order would certainly think that he or she had authority to enforce the provisions that resemble those from a restraining order. Further, the portion of the order that instructs the Wayne County Police Department to enforce the August 2007 Order makes enforcement of those restraining provisions mandatory.

### Mr. Henshaw Was Not Placed Under Arrest Without Probable Cause

4

If Mr. Henshaw was placed under arrest prior to the Defendants learning of the August 2007 Order, they arrested him without probable cause.  But based on the uncontested facts, Mr. Henshaw was not arrested until Defendants reviewed the August 2007 Order with Mrs. Henshaw. Mr. Henshaw claims he was arrested when he first encountered Deputy Bliss.  As support, he points to Deputy Bliss's incident report.  The incident report states, "I stopped [Mr. Henshaw] on the road.  At this time I told him he was under arrest for violation of a protective order.  He stated that the order had been terminated. . . . I told him to take [Mr. Wiley] home and wait for me there."  (Incident Report (attached as Ex. 1 to Mem. Opp. Summ. J.).)  According to the report, which Mr. Henshaw does not dispute, Mr. Henshaw was not taken into custody while Deputy Bliss investigated whether a current protective order was in place.  At most Mr. Henshaw was seized while Deputy Bliss confirmed his probable cause by reviewing the August 2007 Order with Mrs. Henshaw.  No arrest took place before Defendants verified the existence of the August 2007 Order.

CONCLUSION

Because Deputies Bliss and Webster had probable cause to arrest Mr. Henshaw, the court GRANTS summary judgment for the Defendants.

DATED this 28th day of May, 2010.

BY THE COURT:

TENA CAMPBELL
United States District Judge